2005 WY 115

**Julius J. Thomas COTTON, III,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 04–109.**

Supreme Court of Wyoming.

Sept. 13, 2005.

Representing Appellant: Ken Koski, State Public Defender, PDP; Donna D. Domonkos, Appellate Counsel; Diane E. Courselle, Director DAP; Daniel E. Reade, Student Intern; and Victoria Hansen, Student Intern. Argument by Ms. Hansen.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; and D. Michael Pauling, Senior Assistant Attorney General. Argument by Mr. Pauling.

Before HILL, C.J., and GOLDEN, KITE and VOIGT, JJ., and BROOKS, DJ.

KITE, Justice.

[¶ 1] Julius J. Thomas Cotton, III was pulled over by a sheriff's deputy for having a cracked windshield. In checking his license and registration, the deputy discovered Mr.

Cotton was driving with a suspended license and arrested him. As the deputy was escorting him to the patrol car, Mr. Cotton asked the passenger in his vehicle to retrieve a shirt out of the backseat of his vehicle and take it home with him. Another deputy on the scene examined the shirt and discovered crack cocaine in the pocket. Mr. Cotton was charged with possession of a controlled substance in violation of Wyo. Stat. Ann. § 35–7–1031(c)(ii) (LexisNexis 2003).

[¶ 2] Prior to trial, Mr. Cotton moved to suppress the evidence seized from his shirt pocket and the vehicle. The district court denied the motion, and Mr. Cotton entered a conditional guilty plea, reserving his right to appeal the denial of his suppression motion. We affirm.

## ISSUES

[¶ 3] Mr. Cotton presents the following issue:

> Did the trial court commit reversible error by denying Mr. Cotton's motion to suppress determining on the grounds that the search of a shirt pocket, without probable cause to believe the suspect was armed or carrying contraband, was reasonable pursuant to the Wyoming Constitution?

The State rephrases the issue as follows:

> Did the district court properly deny appellant's motion to suppress?

## FACTS

[¶ 4] On June 22, 2003, Deputy David Stevens of the Laramie County Sheriff's Department stopped the vehicle Mr. Cotton was driving in a residential neighborhood of Cheyenne, Wyoming for having a cracked windshield. Deputy Stevens asked to see Mr. Cotton's driver's license and discovered it was suspended. Because Mr. Cotton was from out of state, Deputy Stevens placed him under arrest for driving with a suspended license. There was a passenger riding with Mr. Cotton and so, for safety reasons, Deputy Stevens called for back-up assistance. Deputy Poteet arrived at the scene a few minutes later.

[¶ 5] After placing Mr. Cotton under arrest, Deputy Stevens handcuffed him and performed a pat-down search. As the deputy was escorting him to the patrol car, Mr. Cotton asked his passenger to retrieve a shirt from the back of his vehicle and take it home with him. Deputy Poteet retrieved the shirt from the vehicle and before handing it to the passenger, checked it for weapons. Inside the shirt pocket, he discovered a baggie containing crack cocaine. The deputies then searched Mr. Cotton's vehicle and found a small scale inside the trunk. They also searched Mr. Cotton and found $123 in cash.

[¶ 6] Mr. Cotton was arrested for felony possession of crack cocaine weighing more than .5 grams in violation of § 35–7–1031(c)(ii). A jury trial was set for October 21, 2003. On September 2, 2003, Mr. Cotton filed a motion to suppress the evidence seized from his shirt, vehicle and person. The thrust of Mr. Cotton's argument was that the deputies did not have reasonable suspicion or probable cause to search and, therefore, the search violated the Fourth Amendment to the United States Constitution. In a two sentence paragraph at the end of his motion, without citation to or argument of any Wyoming case law, Mr. Cotton also asserted the search violated article 1, § 4 of the Wyoming Constitution.

[¶ 7] The State filed a response to the motion in which it argued the search was constitutional under the "bright line rule" enunciated in *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), that is, when a law enforcement officer has made a lawful custodial arrest of the occupant of an automobile, he may, incident to the arrest, search the passenger compartment of the automobile. Pursuant to this rule, the State argued, once Mr. Cotton was arrested for driving under suspension, he was subject under the Fourth Amendment to search and the scope of the search extended to his person and the passenger compartment of his vehicle. The State further asserted the discovery of crack cocaine in the pocket of his shirt located in the passenger compartment provided probable cause to search the vehicle and Mr. Cotton.

[¶ 8] The district court set a hearing on the suppression motion for September 29,

2003. On the day of the hearing, the State filed a notice of additional authority in which it referred the district court to *Guzman v. State,* 2003 WY 118, 76 P.3d 825 (Wyo.2003), in deciding whether the search violated the Wyoming Constitution. It is not clear from the record whether the State filed the notice of additional authority before or after the suppression hearing. In any event, in its notice, the State quoted *Guzman* for the proposition that exceptions are recognized under both the United States and Wyoming Constitutions to the rule that all warrantless searches are per se unreasonable, including: a search of an arrested suspect and the area within his control; a search to prevent the imminent destruction of evidence; a search of an automobile upon probable cause; and, a search of objects in plain view.

[¶ 9] At the hearing the State called Deputy Stevens to testify. The defense presented no evidence. The State argued the *Belton* bright line rule as authority for denying the suppression motion. The defense agreed that *Belton* allows an officer to search a vehicle when an occupant of a vehicle is arrested, but argued the *Belton* rule did not apply in this case because at the point the deputies searched the shirt Mr. Cotton and the passenger were out of the vehicle and Mr. Cotton had already been arrested. At that point, the defense argued, Deputy Poteet had the authority to pick up the shirt and determine that it was not concealing weapons, but had no authority to search inside the pocket. That search was not incident to arrest and was not necessary for officer safety, the defense argued. Therefore, it exceeded the scope of the deputies' authority.

[¶ 10] Following the arguments of counsel, the district court asked specifically whether a bright line rule is recognized under the Wyoming Constitution. The State responded that generally the Wyoming Supreme Court has followed Fourth Amendment law but has indicated a willingness to consider whether the Wyoming Constitution provides different protections than its federal counterpart where the argument is properly raised and presented. The State argued no proper state constitutional argument was presented here. The district court inquired whether there was anything further and defense counsel responded, "No, Your Honor."

[¶ 11] On October 17, 2003, the district court issued an order denying the motion to suppress. Addressing the issue under the Fourth Amendment, the district court applied *Belton* and concluded the search was proper because it was incident to a lawful arrest. The district court also addressed the Wyoming Constitution and, applying *Vasquez v. State,* 990 P.2d 476, 489 (Wyo.1999), concluded the search was reasonable under all the circumstances. Addressing the latter issue, the district court stated:

> The search was conducted pursuant to an arrest of an occupant. The Deputy testified that the search of the shirt was conducted for "safety" reasons. In this day where the array of "weapons" is seemingly infinite, the Court believes the search of the shirt for "safety reasons" was reasonable.

[¶ 12] Mr. Cotton entered a plea of guilty to the crime charged conditioned upon reserving his right to appeal the order denying his suppression motion. After a hearing, he was sentenced to confinement in the Wyoming Department of Corrections for not less than two nor more than four years. His sentence was suspended and he was placed on probation for a period of three years.

## STANDARD OF REVIEW

[¶ 13] When reviewing orders granting or denying motions to suppress, we apply the following standards:

> Rulings on the admissibility of evidence are within the sound discretion of the trial court. We will not disturb such rulings absent a clear abuse of discretion. An abuse of discretion occurs when it is shown the trial court reasonably could not have concluded as it did. Factual findings made by a trial court considering a motion to suppress will not be disturbed unless the findings are clearly erroneous. Because the trial court has the opportunity to hear the evidence, assess witness credibility, and draw the necessary inferences, deductions, and conclusions, we view the evidence in the light most favorable to the

trial court's determination. Whether an unreasonable search or seizure occurred in violation of constitutional rights presents a question of law and is reviewed *de novo*. *O'Boyle v. State*, 2005 WY 83, ¶ 18, 117 P.3d 401 (Wyo.2005) (citations omitted).

## DISCUSSION

[¶ 14] As a preliminary matter, we note that we have consistently adhered to the rule that we will address claims that a search violated article 1, § 4 of the Wyoming Constitution only where a party raises the claim under the state constitution and provides proper argument and briefing using a precise and analytically sound approach. *O'Boyle*, ¶ 22. Where a party has failed to meet these criteria in presenting a state constitutional claim, we have declined to consider the issue. *Doles v. State*, 994 P.2d 315, 320 (Wyo.1999); *Putnam v. State*, 995 P.2d 632, 640 (Wyo. 2000); *Bailey v. State*, 12 P.3d 173, 177 (Wyo.2000).

[¶ 15] Although Mr. Cotton mentioned the Wyoming Constitution near the end of his written suppression motion, he provided absolutely no argument or briefing of the issue before the district court. Even during the suppression hearing when the district court specifically inquired about the Wyoming Constitution, the defense offered no argument or analysis under the state constitution, relying instead exclusively on federal Fourth Amendment cases. It was only after the district court gratuitously ruled on the state law claim without having any obligation to do so and the ruling was appealed to this Court that Mr. Cotton provided any state constitutional analysis. Now, on appeal, his sole claim is that the district court erred in concluding the search of the shirt pocket was reasonable under the Wyoming Constitution. Ordinarily under circumstances such as these, we would decline to address the state constitutional issue. We address it in this particular case only because the district court specifically ruled on the claim despite having no obligation to do so.

[¶ 16] In his brief before this Court, Mr. Cotton claims the search of the shirt pocket violated the Wyoming Constitution because it was not reasonable under the circumstances. In support of his claim, he cites *Vasquez*, in which we held under the Wyoming Constitution that the search of a vehicle without a warrant must be reasonable under all the circumstances and is permissible only when there is probable cause to believe the vehicle contains illegal goods or the search is incident to a lawful arrest. Given that he was arrested merely for driving with a suspended license, Mr. Cotton contends the deputies did not have probable cause to believe his vehicle contained illegal goods. He further contends under all of the circumstances the search of the shirt pocket was not a reasonable search incident to a lawful arrest.

[¶ 17] The State responds by arguing first that this Court should not consider the issue Mr. Cotton raises on appeal because he did not properly present it in the district court. As stated above in this opinion, the State is correct that ordinarily we would not consider the issue; however, we do so here because the district court chose to rule on the issue despite the defense's failure to present any argument or authority. Citing *Vasquez*, the State asserts next that the district court properly denied the suppression motion because the search was reasonable under all of the circumstances in that it was incident to arrest and conducted for officer safety reasons. Specifically, the State contends it was reasonable when Mr. Cotton asked his passenger to retrieve the shirt out of the vehicle for Deputy Poteet to retrieve the shirt in order to ensure the passenger, who was then outside the vehicle, did not gain access to a weapon if he was allowed to re-enter it. Once he had possession of the shirt, the State argues, it was reasonable for the deputy to take the next step and determine whether it concealed a weapon. Upon discovering a hard object in the pocket, it was reasonable for the deputy to determine what it was.

[¶ 18] As both parties correctly assert, we concluded in *Vasquez*, 990 P.2d at 488, that article 1, § 4 requires searches and seizures to be reasonable under all of the circumstances. We said, "only unreasonable searches are forbidden, and whether or not a search is reasonable is a question of law to be decided from all the circumstances of a case."

*Id.,* at 487. In the context of the facts presented in *Vasquez,* we concluded that warrantless automobile searches are proper under article 1, § 4, when incident to lawful arrest and when there is probable cause for believing that a vehicle is carrying contraband or illegal goods.

In reaching this result in *Vasquez,* we rejected the bright line rule established in *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981) that arrest justifies the search of a passenger compartment, including any open or closed container in it, without consideration of the privacy interest involved. We concluded the rationale for the *Belton* rule, i.e. the need for a bright line rule to effectively apply to the vast, national citizenry with which the U.S. Supreme Court must concern itself, did not apply in Wyoming. We found a narrower standard, one maintaining the requirement that a search be reasonable under all of the circumstances, more consistent with the historical intent of our search and seizure provision. *Vasquez,* 990 P.2d at 489. In the specific context presented in *Vasquez,* i.e. a vehicle search incident to an arrest, we said Wyoming's search and seizure provision provided greater protection than the federal provision.

*O'Boyle,* ¶ 30.

[¶ 19] Applying this standard, we concluded in *Vasquez* that the search of a pickup truck, including a fuse box located on the left side of the steering wheel in front of the driver, after the driver's arrest for driving while under the influence was proper under the Wyoming Constitution because officers who arrived after the arrest noticed empty bullet casings in the bed and passenger compartment. We said:

> In Vasquez's case, as the officers approached the vehicle with two passengers seated in it, shell casings in the back alerted them to the possibility of a small handgun, and an officer testified it was the possibility of the presence of this weapon which led to the search of the vehicle and the fuse box. The shell casings and the presence of two adult passengers presented an officer safety and a public safety

concern which permitted a search incident to arrest although Vasquez's arrest had been accomplished and he was secure inside a patrol car. It appears from the record that the passengers were also arrested and, although we are not told, it would seem their arrest created the need for the officers to secure the vehicle if left on the roadside. In this particular case, we believe that the arrest justified a search of the passenger compartment of the vehicle and all containers in it, open or closed, locked or unlocked, for evidence related to the crime and for weapons or contraband which presented an officer or a public safety concern.

*Vasquez,* 990 P.2d at 489.

[¶ 20] More recently, in *Andrews v. State,* 2002 WY 28, ¶ 31, 40 P.3d 708, 715 (Wyo.2002), we reiterated that the Wyoming Constitution allows searches incident to arrest and can be said to allow automobile searches for evidence related to the crime because the arrestee had possession of it. We also reiterated, however, that searches must be reasonable under all of the circumstances. Consistent with *Vasquez,* we said searches incident to arrest performed for the permissible reasons of locating weapons or evidence related to the crime are reasonable under Wyoming's search and seizure provision. *Id.* On the basis of these principles, we affirmed a denial of a suppression motion in *Andrews* where, after being told he was under arrest, the defendant removed the wallet from his pocket and laid it on the kitchen counter directly in front of him. The deputy picked it up and searched it. We concluded it was reasonable and appropriate for the officer to seize the wallet and search it for weapons and/or evidence.

[¶ 21] In Mr. Cotton's case, Deputy Stevens testified that he called for backup assistance after discovering Mr. Cotton's license was suspended because he was making an arrest and there was another person in the vehicle. He stated:

> The reasoning being officer safety; we call another officer when we make an arrest for the simple fact he did have another person with him in the passenger seat. I was outnumbered in that respect so I had

to call somebody else while I had that arrest with Mr. Cotton.

Deputy Stevens further testified that he arrested Mr. Cotton, handcuffed him, patted him down for safety and was placing him in the patrol car when Mr. Cotton asked the passenger to get the shirt and take it home with him. Deputy Stevens testified at that point: "we wanted to make sure nothing was in the shirt as far as a weapon that would jeopardize officer safety." Deputy Poteet retrieved the shirt, patted it down and felt something in the pocket. He removed a clear plastic bag containing five or six rocks of what appeared to be crack cocaine. Altogether, the rocks measured approximately three inches in diameter and weighed 4.5 grams.

[¶ 22] Under all of the circumstances, we conclude the search of the shirt pocket was reasonable. Mr. Cotton had been arrested. The presence of an adult passenger presented a safety concern causing the arresting deputy to call for back-up assistance. When Mr. Cotton asked the passenger to retrieve the shirt, the assisting deputy was justified on the basis of safety concerns in retrieving the shirt himself rather than allowing the passenger to go back to the vehicle. He was further justified in checking the shirt for weapons before handing it to the passenger. Once he discovered there was something in the pocket of some substance (measuring approximately three inches in diameter and weighing 4.5 grams), he also was justified in removing it from the pocket before handing the shirt to the passenger.

[¶ 23] We hold the search was reasonable under all of the circumstances and did not violate article 1, § 4 of the Wyoming Constitution.