2006 WY 88

**Alfred Lee CLARK, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 05–103.**

Supreme Court of Wyoming.

July 21, 2006.

Representing Appellant: Ken Koski, State Public Defender, PDP; Donna D. Domonkos, Appellate Counsel.

Representing Appellee: Patrick J. Crank, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Daniel M. Fetsco, Senior Assistant Attorney General.

Before VOIGT, C.J., and GOLDEN, HILL *, KITE, and BURKE, JJ.

KITE, Justice.

[¶ 1]  Alfred Lee Clark was charged with one count of possession of a controlled substance, marijuana, in violation of Wyo. Stat. Ann. § 35–7–1031(c)(iii) (LexisNexis 2003). Prior to trial, he filed a motion to suppress the marijuana seized from his vehicle, claiming the search violated the federal and state constitutions.  The district court denied the motion.  Mr. Clark entered a conditional guilty plea to the possession charge, reserving his right to appeal the denial of his suppression motion.  We affirm.

## ISSUES

[¶ 2]  Mr. Clark presents the following issue:

Whether the district court erred when it denied appellant's motion to suppress.

The State rephrases the issue as follows:

Did the district court properly deny appellant's motion to suppress evidence?

## FACTS

[¶ 3]  On November 16, 2003, at approximately 1:30 a.m., Thermopolis police officer Pat Cornwell stopped a vehicle for a missing headlight.  He approached the driver's side window of the vehicle and asked the driver for his license and proof of insurance.  The driver responded that he did not have his

* Chief Justice at time of the expedited conference.

driver's license. Officer Cornwell detected the odor of alcohol coming from inside the vehicle. He pointed his flashlight into the vehicle and noticed an empty six pack container and a Nintendo 64 box taped shut with duct tape along with other clutter in the back seat.

[¶ 4] As the driver flipped through his wallet looking for his driver's license, Officer Cornwell saw what appeared to be either a Colorado driver's license or identification card. He asked the driver to produce the card, which identified Mr. Clark as the driver. The passenger passed an insurance card to Mr. Clark which he in turn handed to Officer Cornwell. The card reflected the vehicle was insured in the name of Matthew Kobbe. Officer Cornwell recognized the passenger as someone he had previously arrested while working for the Park County Sheriff's Office in Powell. He asked the passenger to produce his driver's license which identified him as Matthew Kobbe, the owner of the vehicle. Officer Cornwell remembered Mr. Kobbe's prior arrest was for failure to pay fines on a methamphetamine charge in Natrona County.

[¶ 5] Officer Cornwell asked Mr. Clark and Mr. Kobbe to remain seated in the vehicle while he returned to his patrol car to contact dispatch and request a check on both their driver's licenses. He also called for back-up assistance. As he waited for dispatch, Officer Cornwell noticed Mr. Kobbe appeared to have reclined his seat back so that he was almost out of view. He also observed Mr. Clark nervously smoking a cigarette and looking frequently in his rearview mirrors. Officer Cornwell thought Mr. Clark seemed more nervous than was typical in an ordinary traffic stop.

[¶ 6] Within ten or twenty minutes, dispatch advised Officer Cornwell that Mr. Clark's Colorado driver's license had been revoked, he had an outstanding ticket from 2003 in Wyoming for driving under suspension and there was an "in-state only" warrant for his arrest in Colorado for failure to appear on domestic violence charges. When Officer Martinez arrived on the scene, the officers discussed the situation and their concern Mr. Clark was unlikely to appear in court in Wyoming if ticketed for driving under suspension, second offense. They decided to arrest him.

[¶ 7] As Officer Cornwell approached the vehicle to make the arrest, he noticed the Nintendo box had been partially covered with a coat or jacket. He asked Mr. Clark to get out of the vehicle and arrested him for driving under suspension, second offense. As he was being arrested, Mr. Clark dropped his wallet. He asked Officer Cornwell to give the wallet to Mr. Kobbe so he could get a room for the night. Officer Cornwell picked up the wallet and noticed it was stamped with a picture of a marijuana leaf and the words "legalize" and "fix the deficit."

[¶ 8] After completing the arrest and assisting Mr. Clark into the patrol car, Officer Cornwell returned to the passenger side of the vehicle and asked Mr. Kobbe to step out of the vehicle. The officer again detected the odor of alcohol and determined from Mr. Kobbe's demeanor and slurred speech he was intoxicated and not capable of driving the vehicle. Meanwhile Officer Martinez began searching the driver's side of the vehicle incident to Mr. Clark's arrest. As Mr. Kobbe stood outside the vehicle, Officer Cornwell approached the passenger side to assist with the search. He noticed empty beer bottles on the floorboard. He picked up the Nintendo box which Officer Martinez had placed on the center console. The box felt light and Officer Cornwell squeezed it and smelled the odor of marijuana. He stuck his finger in a hole in the back of the box and felt something like dry plant material. He opened the box, looked inside and found what appeared to be marijuana.

[¶ 9] Officer Cornwell arrested Mr. Kobbe for possession of marijuana. He returned to his patrol car and read Mr. Clark his Miranda warnings. Before he was finished, Mr. Clark admitted the things in the vehicle were his. Officer Cornwell asked if the substance in the box was marijuana and Mr. Clark confirmed it was.

[¶ 10] Mr. Clark was charged with one count of possession of marijuana with intent to deliver in violation of § 35–7–1031(a)(ii) and one count of possession of marijuana in

violation of § 35–7–1031(c)(iii). The State moved to dismiss count one, the delivery charge, which the district court granted. Mr. Clark was arraigned only on count two, the possession charge. Defense counsel filed a motion to suppress the evidence seized from the vehicle arguing the search violated both the Fourth Amendment to the United States Constitution and Article 1, § 4 of the Wyoming Constitution. The district court denied the motion, concluding the search was incident to a lawful arrest and did not violate either the federal or state constitution. Mr. Clark entered a guilty plea conditioned on his right to appeal the order denying his motion to suppress. The district court entered judgment and sentenced Mr. Clark to not less than two nor more than four years in the Wyoming State Penitentiary but suspended the sentence and sentenced him to one year in the Hot Springs County Jail with credit for time served. The district court also suspended the latter sentence and placed Mr. Clark on supervised probation for three years.

## STANDARD OF REVIEW

[¶ 11]   When reviewing rulings on the admissibility of evidence, we apply the following standards:

Rulings on the admissibility of evidence are within the sound discretion of the trial court. We will not disturb such rulings absent a clear abuse of discretion. An abuse of discretion occurs when it is shown the trial court reasonably could not have concluded as it did. Factual findings made by a trial court considering a motion to suppress will not be disturbed unless the findings are clearly erroneous. Because the trial court has the opportunity to hear the evidence, assess witness credibility, and draw the necessary inferences, deductions, and conclusions, we view the evidence in the light most favorable to the trial court's determination. Whether an unreasonable search or seizure occurred in violation of constitutional rights presents a question of law and is reviewed *de novo.*

*O'Boyle v. State,* 2005 WY 83, ¶ 18, 117 P.3d 401, 407 (Wyo.2005) (citations omitted).

## DISCUSSION

[¶ 12]   As reflected in the discussion above, Mr. Clark claimed in district court the search violated both the Fourth Amendment to the United States Constitution and Article 1, § 4 of the Wyoming Constitution. On appeal, he limits his claim of error to the district court's denial of his suppression motion under the Wyoming Constitution. He correctly asserts that under Article 1 § 4, a search incident to arrest must be reasonable under all the circumstances. He argues the search of the vehicle in this case was not reasonable because once he had been arrested and placed in the patrol car it was not reasonable to search the vehicle.

[¶ 13]   Mr. Clark cites *Vasquez v. State,* 990 P.2d 476 (Wyo.1999) and *Cotton v. State,* 2005 WY 115, 119 P.3d 931 (Wyo.2005) in which this Court held the searches at issue were reasonable under the state constitution because of officer safety concerns. Unlike those cases, Mr. Clark contends, the instant case involved no officer safety issue; therefore, the search incident to arrest was not reasonable. Mr. Clark also cites language from *Vasquez* indicating a search conducted incident to arrest for purposes of discovering evidence related to the crime is reasonable. He argues, however, that rationale does not apply here because evidence related to the crime for which he was arrested—driving under suspension—was unlikely to be found in the vehicle. The State also cites *Vasquez* and *Cotton* as support for its claim that the search was reasonable because of officer safety concerns and to prevent evidence from being hidden or destroyed. The district court concluded the search was reasonable under both the federal and state constitutions because it was incident to a lawful arrest.

[¶ 14]   Although the issue has been raised in a number of cases, this Court has addressed the constitutionality of warrantless, non-consensual vehicle searches under Article 1, § 4 in only a few cases.[1]   In the

1.   We require thorough briefing and analysis of   state constitutional claims in order to resolve

first of those, *Vasquez,* an officer stopped a vehicle after receiving a report it was weaving on the highway and almost hit another vehicle. The officer confirmed the driver was intoxicated and arrested him for driving under the influence of alcohol. Other officers called to the scene noticed empty cartridges and shell casings in the bed and passenger compartment of the pickup truck. They removed the passengers and searched the vehicle, finding cocaine in a fuse box next to the steering wheel.

[¶ 15] Mr. Vasquez argued the search was unconstitutional under the Fourth Amendment to the United States Constitution and Article 1, § 4 of the Wyoming Constitution. We held the search was reasonable under Article 1, § 4 because it was incident to a lawful arrest and law enforcement had reason to be concerned one of the occupants was armed. We also re-affirmed prior case law holding that Article 1, § 4 allows reasonable vehicle searches incident to arrest for evidence related to the crime and to prevent the arrestee from reaching weapons or concealing or destroying evidence. *Vasquez,* 990 P.2d at 488–89. Specifically, we held "the arrest justified a search of the passenger compartment of the vehicle and all containers in it, open or closed, locked or unlocked, for evidence related to the crime and for weapons or contraband which presented an officer or a public safety concern." We concluded:

> The shell casings and the presence of two adult passengers presented an officer safety and a public safety concern which permitted a search incident to arrest although Vasquez's arrest had been accomplished and he was secure inside a patrol car. It appears from the record that the passengers were also arrested and, although we are not told, it would seem their arrest created the need for the officers to secure the vehicle if left on the roadside.

*Vasquez,* 990 P.2d at 489.

[¶ 16] In *Guzman v. State,* 2003 WY 118, 76 P.3d 825, (Wyo.2003), we were again asked to consider the constitutionality of a search under Article 1, § 4 of the Wyoming Constitution. *Guzman* involved a consent search, rather than a non-consensual search as in the instant case, and so our holding in that case is not pertinent to the issue before us. However, some of the language from the opinion is relevant. We said:

> Both the Fourth Amendment to the United States Constitution and Article 1, Section 4 of the Wyoming Constitution provide citizens with protection from unreasonable searches and seizures. However, "neither the federal nor the state constitution forbids all searches and seizures; rather, they prohibit unreasonable searches and seizures." We have stated that under both constitutions, warrantless searches and seizures are per se unreasonable, with a few specifically established exceptions. These specific exceptions include:
>
> 1) *search of an arrested suspect and the area within his control;* 2) a search conducted while in hot pursuit of a fleeing suspect; 3) a search and/or seizure to prevent the imminent destruction of evidence; 4) a search and/or seizure of an automobile upon probable cause; 5) a search which results when an object is inadvertently in the plain view of police officers while they are where they have a right to be; 6) a search and/or seizure conducted pursuant to consent; and 7) a search which results from an entry into a dwelling in order to prevent loss of life or property.

*Guzman,* ¶ 13, 76 P.3d at 828 (emphasis added).

[¶ 17] In *Cotton,* an officer stopped a vehicle for a cracked windshield. The officer asked to see the driver's license and discovered it was suspended. Because there was an adult passenger in the vehicle, the officer called for back-up assistance. The first officer arrested the driver for driving with a suspended license. As he was getting into the patrol car, the driver asked the passenger in his vehicle to retrieve his shirt from

them through an analytically sound approach. We have declined to consider such claims absent proper briefing and analysis. See for example *Doles v. State,* 994 P.2d 315, 320 (Wyo.1999);

*Meek v. State,* 2002 WY 1, 37 P.3d 1279, fn. 2 (Wyo.2002); *Vassar v. State,* 2004 WY 125, ¶ 14, 99 P.3d 987, 993 (Wyo.2004).

the back seat and take it home with him. The second officer retrieved the shirt from the vehicle, patted it down before handing it to the passenger, felt something in the pocket, removed it and discovered a bag of crack cocaine. We upheld the denial of Mr. Cotton's suppression motion, concluding the search was reasonable under all of the circumstances because of officer safety concerns. We said:

> Mr. Cotton had been arrested. The presence of an adult passenger presented a safety concern causing the arresting deputy to call for back-up assistance. When Mr. Cotton asked the passenger to retrieve the shirt, the assisting deputy was justified on the basis of safety concerns in retrieving the shirt himself rather than allowing the passenger to go back to the vehicle. He was further justified in checking the shirt for weapons before handing it to the passenger. Once he discovered there was something in the pocket of some substance (measuring approximately three inches in diameter and weighing 4.5 grams), he also was justified in removing it from the pocket before handing the shirt to the passenger.

*Cotton,* 2005 WY 115, ¶ 22, 119 P.3d 931, 936 (Wyo.2005).

[¶ 18] Thus, in *Vasquez* and *Cotton* we held the searches were permissible under the Wyoming Constitution because they were incident to arrest and reasonable under all the circumstances given the officer safety concerns. In so holding, we rejected a bright-line rule in favor of a requirement that "a search be reasonable under all the circumstances as determined by the judiciary, in light of the historical intent of our search and seizure provision." *Vasquez,* 990 P.2d at 489.

[¶ 19] The record in the instant case shows, after a valid stop for an equipment failure, Officer Cornwell discovered Mr. Clark was driving with a suspended license, had a prior outstanding ticket in Wyoming for the same offense and had a warrant out for his arrest in Colorado for failing to appear on a domestic violence charge. Officer Cornwell recognized Mr. Kobbe from a prior arrest in Powell related to methamphetamine. In addition, the officer observed suspicious behavior on the part of both individuals, including Mr. Kobbe disappearing from view momentarily inside the vehicle. He also detected the odor of alcohol coming from the vehicle and saw the taped Nintendo box behind the driver's seat and did not know what might be inside. Given the suspicious circumstances and the presence of an adult passenger, he called for back-up assistance.

[¶ 20] When the search commenced, Mr. Clark had been lawfully arrested. By the time Officer Cornwell began to assist with the search, he knew Mr. Kobbe was intoxicated. He also knew the Nintendo box had been partially covered by someone inside the vehicle after he first observed it. Although Mr. Kobbe was out of the vehicle, he was not under arrest and was standing next to the vehicle.

[¶ 21] Officer Cornwell testified the vehicle was a two-door Ford Probe and he and Officer Martinez searched the driver's side floorboard console area, passenger side floorboard seat area and directly behind the driver and passenger seat incident to Mr. Clark's arrest. When the search commenced, the Nintendo box was located behind the driver's seat. Officer Martinez picked it up and placed it on the center console where Officer Cornwell found it during his search of the passenger side of the vehicle. The presence of an intoxicated, adult passenger presented an officer safety concern which permitted a search incident to arrest although Mr. Clark had already been arrested and was secure inside the patrol car. The presence of a box the size of a Nintendo, the contents of which were unknown and which had been partially covered up by someone inside the vehicle after the initial stop, presented further officer safety concerns justifying the warrantless search incident to arrest. Paraphrasing what we said in *Vasquez,* Mr. Clark's arrest justified a search of the passenger compartment of the vehicle and all containers in it, open or closed, locked or unlocked, for weapons or contraband which presented an officer safety concern. Having carefully reviewed *de novo* the evidence before us in light of our precedent, we hold the search was incident to a lawful arrest and reasonable under all the circumstances because of officer safety con-

cerns. It did not, therefore, violate Article 1, § 4 of the Wyoming Constitution. *Vasquez*, 990 P.2d at 481.[2]

[¶ 22] Affirmed.

**2.** Once Officer Cornwell arrested Mr. Clark and established Mr. Kobbe was too intoxicated to drive, impoundment of the vehicle was necessary and an inventory search of the vehicle and its contents would have been conducted. Thus, whether or not the officers had searched the vehicle incident to the arrest, the marijuana would have been discovered and would have been admissible at trial. *Vargas–Rocha v. State*, 891 P.2d 763, 767 (Wyo.1995).