**Carl Lee BORGWARDT, Appellant
(Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 96–249.

Supreme Court of Wyoming.

Oct. 21, 1997.

Sylvia L. Hackl, State Public Defender; Donna Domonkos, Appellate Counsel; and Diane M. Lozano, Assistant Appellate Counsel for appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Kimberly A. Baker–Musick, Assistant Attorney General; Theodore E. Lauer, Director of the Prosecution Assistance Program; and Charmaine Reed, Student Intern for Prosecution Assistance Program for appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

MACY, Justice.

Appellant Carl Borgwardt appeals from the judgment and sentence which the district court entered after he conditionally pleaded *nolo contendere* to a charge of possession with intent to deliver a controlled substance.

We affirm.

## ISSUES

Borgwardt presents two related issues for our review:

*ISSUE I*

The evidence obtained during the warrantless search of [Borgwardt]'s vehicle should have been suppressed as it was obtained without a warrant and does not fall within the "plain view" exception to the warrant requirements of the United States and Wyoming constitutions.

*ISSUE II*

The evidence obtained during the warrantless search of [Borgwardt]'s vehicle should have been suppressed as the search was not supported by probable cause.

## FACTS

On February 29, 1996, Kevin Hughes and Chris Cook, agents with the Division of Criminal Investigation (DCI), and Sheridan police department officers were investigating a matter at a Sheridan saloon which was not related to this case. After Agent Hughes left the bar, Agent Cook called him on the radio, stating that a woman had reported that Borgwardt had a significant amount of marihuana in his car which was parked in the bar's parking lot. Agent Hughes returned to the bar. The woman, who was drunk, stated that Borgwardt had a pistol and that, when he found out that the police officers were at the bar, he placed his jacket in the front seat of his car and left the area. She also volunteered that she did not like Borgwardt.

At Agent Hughes's request, the dispatch checked the car's license plate number and determined that the car did, in fact, belong to Borgwardt. Agent Hughes recognized Borgwardt's name and confirmed that DCI had previously investigated him. The agent also discovered that Borgwardt had been arrested on several felony charges and convicted of a number of misdemeanors. One of the convictions was for possession of a controlled substance.

Agent Cook observed two rifles in the back window of Borgwardt's car. The interior car lights were on, and Agent Hughes shined his flashlight into the car through the windows. The car windows were covered with a slight dusting of snow, and, although he could see into the car without doing so, Agent Hughes proceeded to wipe the snow off of the windows so that he would have a better view. He observed two baggies which were lying partially under a denim shirt on the back seat floor and saw that one baggie contained marihuana. Agent Hughes also noticed a blanket in the back seat which looked like it was covering something.

Consistent with the woman's report, Agent Hughes observed a jacket in the front seat of the car. Agent Cook entered the car to determine whether a pistol was in the jacket, and he found one. He then went inside the bar to look for a man who matched Borgwardt's description. When Agent Cook returned after being unable to locate Borgwardt in the bar, Agent Hughes directed him to continue searching the car. During his search, Agent Cook found: (1) a small container which he suspected contained marihuana; (2) a marihuana pipe; and (3) the baggies, which Agent Hughes had seen earlier, containing marihuana. The car was impounded, and Borgwardt was arrested the next day.

Borgwardt pleaded not guilty to a charge of possession with intent to deliver a controlled substance. He moved to suppress the evidence which was seized during the search of his car, but the district court denied his motion. Borgwardt changed his plea to a conditional plea of *nolo contendere*, reserving the right to appeal from the district court's denial of his motion to suppress. After Borgwardt was sentenced, he appealed to this Court.

## DISCUSSION

■ Borgwardt contends that the warrantless search of his vehicle was unconstitutional. He argues that the evidence which was seized as a result of that search was inadmissible and that the district court erred by denying his motion to suppress. The State maintains that the evidence was admissible because the police had probable cause to search the vehicle and because the evidence was in plain view.

■ When a district court makes specific factual findings regarding a motion to suppress, those findings are binding upon this Court unless they are clearly erroneous.

*Gronski v. State,* 910 P.2d 561, 563 (Wyo. 1996); *Neilson v. State,* 599 P.2d 1326, 1330 (Wyo.1979), *cert. denied,* 444 U.S. 1079, 100 S.Ct. 1031, 62 L.Ed.2d 763 (1980). When, as in this case, the district court does not make specific findings of fact, "this court upholds the general ruling of the trial court if it is supportable by any reasonable view of the evidence." *Neilson,* 599 P.2d at 1330. "The issue of law, whether an unreasonable search or seizure occurred in violation of constitutional rights, is reviewed de novo." *Gronski,* 910 P.2d at 563.

■ The Fourth Amendment to the United States Constitution and Article 1, Section 4 of the Wyoming Constitution generally prohibit warrantless searches. 910 P.2d at 564. The rule that warrantless searches are unreasonable *per se* is subject to only a few specific and well defined exceptions. *Id.*

> The search and/or seizure of an automobile upon probable cause is one of the recognized exceptions. In an earlier decision, this court recognized that differences exist between motor vehicles and other property, which permit warrantless searches of automobiles in circumstances in which warrantless searches would not be reasonable in other contexts. *Neilson,* 599 P.2d at 1330. The Fourth Amendment to the United States Constitution and Art. 1, § 4 of the Wyoming Constitution prohibit unreasonable searches and seizures. Reasonableness is determined by all the circumstances of each case.

*Id.* (some citations omitted). The police may, therefore, search an automobile without having a warrant when they have probable cause to believe that the car contains evidence of a crime or contraband. *See Gronski,* 910 P.2d at 564–65; *Neilson,* 599 P.2d at 1334.

Borgwardt maintains that, because the woman's report was inherently unreliable, the law enforcement personnel did not have probable cause to search his car. He claims that, since the woman was drunk and admitted that she disliked him, the officers could not rely upon her report in determining whether they had probable cause to search the car.

In deciding whether a report from an informant is sufficient to establish probable cause, courts have generally drawn a distinction between reports from common citizens and reports from informants who regularly supply information to the police. 2 WAYNE R. LaFAVE, SEARCH AND SEIZURE § 3.3 at 88–89 (3d ed.1996). Factors which courts consider in determining whether an informant's report established probable cause include the informant's veracity and reliability and the basis of his knowledge. *State v. Purser,* 828 P.2d 515, 517 (Utah.Ct.App.1992). Courts ordinarily deem citizen informants, in contrast to police informants, to be presumptively reliable sources of information. *Id.; see also People v. Fortune,* 930 P.2d 1341, 1345 (Colo.1997) (en banc).

In this case, the woman was a citizen informant rather than a police informant and would generally be entitled to a presumption that she was reliable. Of course, the fact that the woman was intoxicated and openly expressed hostility toward Borgwardt could be construed as detracting from the inherent reliability of her report. Her report was, however, corroborated. The car was parked in the bar's parking lot, and the police observed the jacket, which the woman had described, in the front seat of the car. Furthermore, the officers and agent did not rely solely upon the woman's report in determining that they had probable cause to conduct the search. Agent Hughes independently determined that Borgwardt was the subject of other DCI investigations and that he had a rather extensive criminal record which included one prior conviction for possession of illegal drugs. Considering these facts together, we conclude that probable cause supported the warrantless search of the car.

Appellant also claims that the search was improper because it did not fall within the plain view exception. Since we have concluded that probable cause supported the warrantless search of the car without taking into account Agent Hughes's observation of the marihuana, we do not need to determine whether the search was proper under the plain view exception.

Affirmed.